UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

VALENCIA MITCHELL,
Plaintiff,

v.

LOUIS DEJOY, Postmaster General,
United States Postal Service,
Defendant.

FILED BY _____ D.C.

FEB 03 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

COMPLAINT

## I. JURISDICTION AND VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because the unlawful employment practices occurred in this district.

4. Plaintiff exhausted all administrative remedies and received a final EEOC decision on January 29, 2026.

## II. PARTIES

5. Plaintiff Valencia Mitchell was employed by the United States Postal Service as a Postal Support Employee (PSE).

6. Defendant Louis DeJoy is the Postmaster General of the United States Postal Service.

## III. STATEMENT OF FACTS

7. Plaintiff worked at the USPS Atlantic Station located at 8801 W. Atlantic Blvd., Coral Springs, Florida.

8. Plaintiff was summoned into management's office and pressured to resign.

9. Plaintiff refused to resign.

10. After refusing, management began targeting Plaintiff.

11. Plaintiff was falsely accused of failing to work overtime on a specific date.

12. Plaintiff has proof that she worked the overtime as required.

13. Plaintiff was also falsely coded as having "called off" on a day she was not scheduled to work, which was her non-scheduled day.

14. Plaintiff has proof that a supervisor admitted to editing Plaintiff's clock rings without Plaintiff's knowledge or consent.

15. These falsified records were used against Plaintiff.

16. Plaintiff was again pressured to resign under threat of termination.

17. Plaintiff was forced to resign, constituting constructive discharge.

18. Plaintiff was coded as non-rehire.

19. Plaintiff has witnesses who observed these events.

20. Additionally, the supervisor who signed and approved Plaintiff's termination paperwork was no longer assigned to Plaintiff's station and was working in a different district at the time. Despite lacking direct supervisory authority over Plaintiff, this individual signed off on Plaintiff's termination, constituting an improper exercise of authority and a procedural violation.

21. Defendant retaliated against Plaintiff for engaging in protected activity.

## IV. CLAIMS

### COUNT I – Retaliation (Title VII)

22. Plaintiff engaged in protected activity.

23. Defendant subjected Plaintiff to adverse employment actions.

24. Defendant's actions were retaliatory and unlawful under Title VII.

### COUNT II – Constructive Discharge

25. Defendant made Plaintiff's working conditions so intolerable that a reasonable person would have felt compelled to resign.

26. Plaintiff's resignation constituted constructive discharge.

## V. DAMAGES

27. Plaintiff suffered loss of employment, wages, emotional distress, and damage to reputation.

## VI. RELIEF

28. Plaintiff seeks back pay, compensatory damages, correction of employment records, removal of non-rehire status, and all other just and proper relief.

## VII. JURY DEMAND

29. Plaintiff demands a trial by jury.

Respectfully submitted,

Valencia Mitchell
Plaintiff, Pro Se
1150 NE 215th St., Apt 406
Miami, FL 33179
Phone: 305-335-2176
Email: valenciamiitchell67@icloud.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

VALENCIA MITCHELL,
Plaintiff,

v.

LOUIS DEJOY, Postmaster General,
United States Postal Service,
Defendant.

COMPLAINT

I. JURISDICTION AND VENUE

1.      This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in the Southern District of Florida because the unlawful employment practices occurred in this district.

4.      Plaintiff exhausted all administrative remedies and received a final EEOC decision on January 29, 2026.

II. PARTIES

5.      Plaintiff Valencia Mitchell was employed by the United States Postal Service as a Postal Support Employee (PSE).

6.      Defendant Louis DeJoy is the Postmaster General of the United States Postal Service.

III. STATEMENT OF FACTS

7.      Plaintiff worked at the USPS Atlantic Station located at 8801 W. Atlantic Blvd., Coral Springs, Florida.

8.      Plaintiff was summoned into management's office and pressured to resign.

9.      Plaintiff refused to resign.

10.     After refusing, management began targeting Plaintiff.

11.     Plaintiff was falsely accused of failing to work overtime on a specific date.

12.     Plaintiff has proof that she worked the overtime as required.

13.     Plaintiff was also falsely coded as having "called off" on a day she was not scheduled to work, which was her non-scheduled day.

14.     Plaintiff has proof that a supervisor admitted to editing Plaintiff's clock rings without Plaintiff's knowledge or consent.

15.     These falsified records were used against Plaintiff.

16.     Plaintiff was again pressured to resign under threat of termination.

17.     Plaintiff was forced to resign, constituting constructive discharge.

18.     Plaintiff was coded as non-rehire.

19.     Plaintiff has witnesses who observed these events.

20.     Additionally, the supervisor who signed and approved Plaintiff's termination paperwork was no longer assigned to Plaintiff's station and was working in a different district at the time. Despite lacking direct supervisory authority over Plaintiff, this individual signed off on Plaintiff's termination, constituting an improper exercise of authority and a procedural violation.

21.     Defendant retaliated against Plaintiff for engaging in protected activity.

## IV. CLAIMS

### COUNT I – Retaliation (Title VII)

22.     Plaintiff engaged in protected activity.

23.     Defendant subjected Plaintiff to adverse employment actions.

24.     Defendant's actions were retaliatory and unlawful under Title VII.

### COUNT II – Constructive Discharge

25.     Defendant made Plaintiff's working conditions so intolerable that a reasonable person would have felt compelled to resign.

26.     Plaintiff's resignation constituted constructive discharge.

## V. DAMAGES

27.     Plaintiff suffered loss of employment, wages, emotional distress, and damage to reputation.

## VI. RELIEF

28.     Plaintiff seeks back pay, compensatory damages, correction of employment records, removal of non-rehire status, and all other just and proper relief.

## VII. JURY DEMAND

29.     Plaintiff demands a trial by jury.

Respectfully submitted,

Valencia Mitchell
Plaintiff, Pro Se
1150 NE 215th St., Apt 406
Miami, FL 33179
Phone: 305-335-2176
Email: valenciamiitchell67@icloud.com